IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MCDAVIS, | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 05-1129 |
| | ) | |
| vs. | ) | Judge Gary L. Lancaster / |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| RONALD T. VAUGHN, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the petition for writ of habeas corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

II.  REPORT

On October 24, 2005, Jerome McDavis, a state prisoner incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his conviction of murder in the first degree and his sentence of life imprisonment imposed by the Court of Common Pleas of Allegheny County on February 11, 1988.  This is not Petitioner's first habeas corpus petition

filed in this Court. On December 28, 2000, Petitioner filed a petition for writ of habeas corpus in this Court (docketed at Civ. A. No. 00-2523), wherein he attacked the same conviction he is challenging in his current action. On July 18, 2002, an order was entered dismissing the Petition as untimely and denying a certificate of appealability, based on a report and recommendation dated May 30, 2002.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (the AEDPA), which amended 28 U.S.C. § 2244(b) (3)to read as follows:

> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B)     A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C)     The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D)     The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E)     The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3) (amended Apr. 24, 1996).

In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petition. In his previous habeas corpus petition filed at Civ. A. No. 00-2523, this Court

determined that Petitioner's claims regarding his first degree murder conviction were untimely filed. The Court of Appeals for the Third Circuit affirmed this disposition on May 1, 2003 at Civ. A. No. 02-3094. Thus, Petitioner's current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b).

Having decided that Petitioner's current motion should be treated as a second § 2254 petition, it must be dismissed for two reasons. First, as a second 2254 petition, it is inappropriately before this court. As discussed above, certification by the appropriate court of appeals is necessary before a district court may review a successive 2254 petition under the new gatekeeping provisions of the AEDPA. *See* Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) (discussing the gatekeeping provision under 28 U.S.C. § 2244 (b)(3) applicable to successive habeas corpus petitions brought by state prisoners). The certification requirement in 28 U.S.C. § 2254 expressly states that permission to file such a motion can only be granted by a court of appeals. Petitioner does not state that he has been granted certification for this court to review his second 2254 petition as required by 28 U.S.C. § 2244. Because he has not obtained such an order, this district court may not consider the merits of his motion. *See* Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004) (holding that the District Court did not have jurisdiction to entertain a successive petition because this Court had not authorized the petitioner to file a successive habeas petition under 28 U.S.C. § 2244(b)).

A district court, faced with an unapproved second or successive habeas petition has two options. It can dismiss the action, or transfer the action (pursuant to 28 U.S.C. § 1631) to the appropriate court of appeals for certification. *See, e.g.*, United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998); Ceja v. Stewart, 134 F.3d 1368 (9th Cir. 1998); Pratt v. United States, 129 F.3d

3

54, 58 (1st Cir. 1997); In re Sims, 111 F.3d 45 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339 (10th Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996); United States v. Enigwe, 1998 WL 670051 (E.D. Pa. Sept. 28, 1998).  The facts presented in Petitioner's petition dictate that this court should dismiss this action as the court of appeals would have to find that his claim is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d) as stated in the Order of July 18, 2002. None of Petitioner's allegations suggest that he is entitled to equitable tolling of the one-year limitations period.

The discussion above reveals that Petitioner is time-barred from pursuing this action under 28 U.S.C. § 2244(d).  As a result, it would not be in the interest of justice to transfer his time-barred claims to the Court of Appeals for the Third Circuit for the necessary certification. Therefore, Petitioner's action should be dismissed.  *Accord* Casado v. Morris, 1998 WL 665378 (D.N.J. Sept. 28, 1998) (court exercised discretion not to transfer 2255 motion to sentencing court because it was time-barred).

III.     CONCLUSION

For the reasons discussed above, it is respectfully recommended that the petition for writ of habeas corpus be dismissed as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date

of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

 s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: March 7, 2006

cc:     Gary L. Lancaster
        United States District Judge

        Jerome McDavis, AJ-1557
        SCI Coal Township
        1 Kelley Drive
        Coal Township, PA 17866-1021

        Ronald M. Wabby, Jr.
        Assistant District Attorney
        Office of the District Attorney
        401 Allegheny County Courthouse
        Pittsburgh, PA 15219